UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVEN R. REYNOLDS,
*also known as Devin R. Jones*,

                Plaintiff,

v.                                             Case No. 21-cv-1087-pp

MILWAUKEE COUNTY COURT AND JAIL SYSTEMS,
JUDGE DAVID BOROWSKI, D.A. SARA BETH HILL,
JUDGE JEFFREY WAGNER, and D.A. KARL HAYES,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Deven R. Reynolds (also known as Devin Jones), who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to due process during his state court criminal proceedings. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.**     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was in custody when he filed the complaint. <u>See</u> 28 U.S.C. §1915(h). The PLRA allows the court to give an incarcerated plaintiff the opportunity to proceed with his case without prepaying the civil case filing fee. 28 U.S.C.

1

§1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 5, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $3.83. Dkt. No. 10. The court received that fee on November 22, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff named as defendants the Milwaukee County court and jail systems, Milwaukee County Circuit Court Judges David Borowski and Jeffrey Wagner, and Milwaukee County Assistant District Attorneys Sara Beth Hill and Karl Hayes. Dkt. No. 1 at 1–2. He alleges that from November 2019 through September 2021 (when he filed his complaint), the defendants denied him due process and a fair trial in violation of his rights under the Fourth and Eighth

3

Amendments. Id. at 2–3. He says the defendants did so "with disregard to [his] mental, physical and emotional health and financial wellbeing," id. at 2, and "purely in their own selfish, self-serving interest in presuming [his] guilt in a coordinated attempt simply to convict him of a high profile crime," id. at 3. The plaintiff explains that during his state court criminal proceedings, the defendants

> worked in lock-step to delay proceedings, allow evidence predjudical [*sic*] against [him], including improper line-ups to be entered into evidence in violation of his due process rights; and used flimsy hearsay to place [him] into General Population Restricted (G.P.R.) removing all his contact rights including phone and mail to family, loved ones and friends since December of 2019. They repeatedly denied his motion in the ensuing years to restore contact privledges [*sic*], used predjudicial [*sic*] language and bias in court against him and delayed delivering his discovery.

Id. The plaintiff seeks "discipline of guilty parties," a change in policies, his costs for court services and mental health services and $375,000 in damages. Id. at 3–4.

    C.    <u>Analysis</u>

The plaintiff seeks relief for what he describes as unconstitutional misconduct by the judges and prosecuting attorneys in his state court criminal proceedings. The complaint does not reveal the status of those proceedings, which he says began in December 2019. The Wisconsin Circuit Court access webpage shows that the state court proceedings are ongoing. See https://wcca.wicourts.gov/ (Milwaukee County Case Number 2019CF005440). Judge David Borowski is presiding over the state-court case; Judge Jeffrey Wagner presided over the case in its early stages. See id., Dkt. Entries of

8/1/2020 and 3/19/2020. Assistant District Attorneys Sara Beth Hill and Karl Hayes previously were the prosecuting attorneys of record. See id., Dkt. Entries of 3/16/2020 and 12/17/2019. Judge Borowski recently allowed the plaintiff's defense attorney to withdraw because of "a breakdown of communication" and vacated the scheduled jury trial. Id., Dkt. Entry of 11/01/2021. On December 22, 2021, Judge Borowski issued an order requiring the State Public Defender to appoint counsel to represent the plaintiff; an order-to-show-cause hearing is scheduled for January 13, 2022 at 8:30 a.m.

Because the plaintiff has not yet been convicted or sentenced in his criminal case, this civil lawsuit asks this federal court to intervene in an ongoing state criminal case. The court cannot do that. Under the Anti-Injunction Act, 28 U.S.C. §2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The three exceptions are construed narrowly, and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" Zurich Am. Ins. Co. v. Superior Court for State of Cal., 326 F.3d 816, 824 (7th Cir. 2003) (quoting Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs., 398 U.S. 281, 297 (1970)). A district court may enjoin a state criminal proceeding only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37,

5

45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46.

The plaintiff has not alleged extraordinary circumstances of the kind that would permit this court to intervene in his state court criminal case. He appears to disagree with the state court's rulings on his evidentiary motions, its alleged treatment of his custodial status and its handling of the speed of his case. These are not extraordinary circumstances in which this court can or should intervene—the plaintiff may address these issues by asking the state court to reconsider its decisions and, if he is convicted, by appealing.

When a federal plaintiff seeks to collaterally attack his pending criminal case through a federal civil lawsuit, a federal court may "stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007) (citing Heck, 512 U.S. at 487–488, n.8). Such a stay would be futile in this case, however, because it also appears that the defendants are immune from suit. The plaintiff has sued the current and previous circuit court judges overseeing his pending criminal case. Judges are absolutely immune from civil liability for actions taken in the performance of their judicial functions. Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Stump v. Sparkman, 435 U.S. 349, 363 (1978). That includes actions "that are 'closely associated with the judicial process.'" Smith v. Schwarz, 46 F. App'x 374, 375 (7th Cir. 2002) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). The

purpose of judicial immunity is to "protect[] judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making." Agrawal v. Pallmeyer, 313 F. App'x 866, 867 (7th Cir. 2009) (citing Forrester v. White, 484 U.S. 219, 226–27 (1988)). The plaintiff cannot sue the current or previous judge in his pending criminal case for their evidentiary decisions or handling of the docket because those actions are "closely associated with the judicial process." If the plaintiff disagrees with the judge's decisions or rulings, he should appeal those decisions to the Wisconsin Court of Appeals at the appropriate time.

The plaintiff likewise cannot sue the attorneys prosecuting his case. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998). A prosecutor is entitled only to qualified immunity when the prosecutor's conduct is administrative or investigatory in nature. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); see also Hunt v. Jaglowski, 926 F.2d 689 (7th Cir. 1991). The plaintiff has sued two of the previous prosecuting attorneys in his state court criminal matter for their involvement in the proceedings, including allegedly causing delays, introducing improper evidence and using prejudicial "language and bias in court against him." Dkt. No. 1 at 3. These actions relate to pursuit of the criminal prosecution and the ongoing proceedings. They do not relate to administrative or investigatory tasks. The district attorneys appear to be

7

absolutely immune from suit for their actions in prosecuting the state court case against the plaintiff.

The plaintiff also seeks to sue the Milwaukee County court and jail systems. But a plaintiff may bring a §1983 lawsuit only against a "person." Neither the state court nor the jail is a "person" subject to suit under §1983. See Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989)) (noting that "states and their agencies are not 'persons' subject to suit under 42 U.S.C. §1983"); Lucas v. Milwaukee Cty. Jail, No. 19-CV-1779-PP, 2020 WL 6287675, at *2 (E.D. Wis. Oct. 27, 2020) (quoting Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004)) (explaining that under Wisconsin law, "the Milwaukee County Jail 'is not a legal entity separable from the county government which it serves,' and cannot be sued under § 1983"). The plaintiff cannot proceed against the Milwaukee County courts or jail.

The plaintiff's suit is premature because it seeks to challenge his ongoing state court criminal prosecution. Because the defendants he has sued are immune from suit under §1983, the court will not stay this federal lawsuit pending completion of the state court proceedings and will dismiss the lawsuit with prejudice for failure to state a claim. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. Feb. 10, 2021). Allowing the plaintiff to amend his complaint

would not change the fact that the defendants either are immune or not subject to suit under §1983.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.17** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Milwaukee County Sheriff Earnell Lucas, 821 W. State St., Room 107, Milwaukee, WI 53233, and to

Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233 and email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**